# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0494, <u>Darren Brady v. David Holmander</u>, the court on May 6, 2019, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Darren Brady (tenant), appeals an order of the Circuit Court (<u>Garner</u>, J.) denying his motion to waive the sheriff's fee for service of process on the defendant, David Holmander (landlord). We construe his brief to contend that the trial court erred by not: (1) waiving the sheriff's fee; (2) finding that the landlord had violated the implied warranty of habitability and RSA 540-A:3 (Supp. 2018); and (3) addressing the landlord's alleged failure to ameliorate ice on walkways and falling from the building.

The tenant, as the appealing party, has the burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). A mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review. <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003). Furthermore, as the appealing party, the tenant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the tenant's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the tenant has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
